IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Richard Kapela Davis,<br><br>      Petitioner,<br><br>   vs.<br><br>CLAYTON FRANK, Warden, Halawa Correctional Facility, LANE BLAIR, Warden, Diamondback Correctional Facility,<br><br>      Respondents. | CIV. NO. 05-00462 HG-KSC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS |

**FINDINGS AND RECOMMENDATION TO DENY<br>PETITION FOR WRIT OF HABEAS CORPUS**

Before the court is *pro se* Petitioner Richard Kapela Davis' petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition was referred to this Court pursuant to Local Rule LR72.5 and 28 U.S.C. §636(a). Upon careful consideration of the Petition, the Preliminary Answer, and Reply, this Court FINDS AND RECOMMENDS that the petition be DENIED with prejudice.

**BACKGROUND AND PROCEDURAL HISTORY**

On May 4, 1998, a jury found Davis guilty of two counts of robbery in the first degree, in violation of Hawai'i Revised Statute ("Haw. Rev. Stat.") § 708-840 (1)(b)(ii) (Counts I, II); possession of firearm by a person convicted of certain crimes, in

violation of Haw. Rev. Stat. § 134-7(b)(h) (Count III); possession of ammunition by a person convicted of certain crimes, in violation of Haw. Rev. Stat. § 134-7(b)(h) (Count IV); and place to keep pistol or revolver, in violation of Haw. Rev. Stat. §134-6(c)(e) (Count V).  (See Resp't App. C at 1.)  Prior to trial, Davis stipulated that he was, in fact, a person convicted of a felony offense.  (See Resp't App. F, Findings of Fact, Conclusions of Law, and Order Dismissing Petitioner's Petition for Post-Conviction Relief, at 2 ¶ 2.)

The Circuit Court of the First Circuit, State of Hawai'i ("circuit court") sentenced Davis, as a repeat offender in violation of Haw. Rev. Stat. § 706-605.5, to twenty years imprisonment with a mandatory minimum of thirteen years and four months in Counts I and II, and ten years imprisonment in Counts III, IV, and V with a mandatory minimum of six years and eight months imprisonment, all sentences to run concurrently.

Davis appealed, and on February 22, 2001, the Hawai'i Intermediate Court of Appeals ("ICA") reversed Count IV and affirmed Counts I, II, III, and V.  (See Resp't App. D at 5.)

On March 27, 2001, Davis filed an application for writ of certiorari with the Supreme Court of the State of Hawai'i ("Hawai'i Supreme Court.")  The Hawai'i Supreme Court initially granted the writ on April 2, 2001, but then dismissed it on July 3, 2001, as "improvidently granted."  (See Resp't App. D1 at 2.)

Davis did not seek certiorari with the United States Supreme Court.

Approximately nine months later, on April 1, 2002,[1] Davis filed a state post-conviction petition pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure ("Haw. R. Pen. P.") (See Resp't App. E at 21.)[2] On June 20, 2003, the circuit court denied Davis's Rule 40 petition without a hearing stating,

> [b]ecause Petitioner has failed to make a colorable showing as to how his alleged constitutional claims of denial of due process, equal protection and unlawful infringement on a protected liberty interest were implicated by the use of his prior convictions as stipulated prior to trial, Petitioner's allegations are patently frivolous and without a trace of support in the record or other submitted evidence.

(See Resp't App. F at 4-5.)

Davis appealed, arguing that the circuit court erred: (1) when it failed to take into consideration Haw. Rev. Stat. § 760-670(a) in its findings of fact (See Resp't App. G at 3.); and (2) in its conclusions of law when it summarily denied and dismissed Davis' Rule 40 petition. (Id. at 4.) On January 21,

---

[1] Both Respondents and the circuit court state that Davis filed his Rule 40 petition on April 10, 2002. This Court finds that the date that Davis delivered his Rule 40 petition to prison officials for mailing was April 1, 2002. Thus, pursuant to the prison mailbox rule, April 1, 2002, is the operative date. See Houston v. Lack 487 U.S. 266, 271-272 (1988); Setala v. J.C. Penny Company, 40 P.3d 886, 887 (2002).

[2] Appendix E was not numbered, therefore, the Court numbers the pages of Appendix E successively.

2005, the ICA affirmed the circuit court. (See Resp't App. I at 8.)

On February 18, 2005,[3] Davis filed for an extension of time to seek certiorari with the Hawai'i Supreme Court. (See Resp't App. J at 5.) On March 1, 2005, the Hawai'i Supreme Court denied Davis's motion without comment. (Id. at 2.) Approximately four and a half months later, on July 26, 2005, Davis filed the present petition.

## Legal Standard

A.  <u>28 U.S.C. § 2244</u>

Section 2244 provides in pertinent part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . .

. . .(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d)(1) and (2).

---

[3] The Court finds that pursuant to the prison mailbox rule, February 18, 2005, is the applicable date for purposes of Davis's petition as this is the date on the certificate of service for the motion requesting an extension of time. See Houston, 487 U.S. at 271-276; see also Setala, 40 P.3d at 887.

B. <u>28 U.S.C. § 2254</u>

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254 (d); <u>see also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 402-04, 409 (2000). Habeas relief is warranted only if the constitutional error at issue had a "'substantial and injurious effect or influence in determining the jury's verdict.'" <u>Penry v. Johnson</u>, 532 U.S. 782, 795 (2001) (quoting <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993)). A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254 (e)(1).

Under the "contrary to" clause of 28 U.S.C. § 2254(d)(1), a federal court may grant relief only when the state court "arrives at a conclusion opposite to that reached by [the United States Supreme Court ("Supreme Court")] on a question of law or if the state court decides a case differently . . . on a set of materially indistinguishable facts." <u>Williams</u>, 529 U.S. at 412-13. Under the section's "unreasonable application"

5

clause, a federal court may grant relief only "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

A petition for a writ of habeas corpus shall not be granted unless it appears that the applicant has exhausted all available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective. 28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 522 (1982); Calderon v. United States Dist. Court for the Eastern District of California (Gordon), 107 F.3d 756, 760 (9th Cir. 1997).

A petitioner must exhaust available state remedies as to every claim raised in the habeas petition. Gordon, 107 F.3d at 760 (citing Coleman v. Thompson, 501 U.S. 722 (1991)). Also, a petitioner must make the federal basis of his claims explicit either by referencing specific provisions of the federal constitution or statutes, or citing to federal case law. Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), as modified by 247 F.3d 904 (9th Cir. 2001).

Section 2254(b)(2) further provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C.

§ 2254(b)(2). The United States Court of Appeals for the Ninth Circuit has recently held that a federal court may deny an unexhausted petition on the merits only "when it is perfectly clear that the applicant does not raise even a colorable federal claim." Cassett v. Stewart, 406 F.3d 614, 621 (9th Cir. 2005).

### Discussion

On November 26, 1996, the Hawai'i Paroling Authority ("HPA") issued Davis a certificate of final discharge for an earlier felony conviction in CR. No. 91-0-1303, pursuant to Haw. Rev. Stat. §§ 831-5(a) and 353-70. It states:

> The Hawaii Paroling Authority of the State of Hawaii, acting in accordance with the power in it vested by law, being first fully satisfied that in its opinion the above named paroled prisoner, . . . has given reliable and trustworthy evidence that he will remain at liberty without violating the law and the final release is not incompatible with the welfare and safety of society, does hereby grant unto said paroled prisoner a FINAL DISCHARGE from further liability under his sentence. In accordance with Act 250, Session Laws of Hawaii, 1969 his right to vote and to hold any public office has been restored to him.

(See Resp't App. E, Ex. A.)

Although not explicit in the Petition, it appears that Davis is challenging his conviction in Count III, for possession of firearm by a person convicted of certain crimes in violation of Haw. Rev. Stat. § 134-7(b)(h), based on his interpretation of the certificate of final discharge. Davis claims that when the

7

HPA issued the certificate of final discharge to him, his prior felony convictions were, effectively, expunged and that the certificate restored all of his civil rights. He asserts that, because the certificate of final discharge did not specifically state that he may not possess firearms or ammunition, he cannot be convicted as a felon in possession of these items. Finally, Davis alleges that the state violated his right to due process because he did not receive written notification or a hearing before his right to possess firearms and ammunition was revoked. Davis relies on Haw. Rev. Stat. § 353-70,[4] and on 18 U.S.C. § 921(a)(20),[5] in support of his claims. Davis did not raise

---

[4] Hawaii Revised Statute Section 353-70 states in pertinent part:

> Whenever, in its opinion, any paroled prisoner has given such evidence as is deemed reliable and trustworthy that the paroled prisoner will remain at liberty without violating the law and that the paroled prisoner's final release is not incompatible with the welfare of society, the Hawaii paroling authority may grant the prisoner a written discharge from further liability under the prisoner's sentence.

[5] Title 18 of the United States Code, Section 921(a)(20) states:

> The term "crime punishable by imprisonment for a term exceeding one year" does not include--
> (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or
> (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

8

these issues on direct appeal; he did, however, raise them in his Rule 40 petition.

    A.  <u>The Petition is Timely.</u>

    Respondents argue that Davis's petition should be dismissed as untimely. The court disagrees. Davis's conviction became final on October 1, 2001, which represents ninety days following the Hawai'i Supreme Court's denial of certiorari in his case, and the expiration of time for filing certiorari with the United States Supreme Court. <u>See</u> <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159-60 (9th Cir. 1999) (noting that process of direct review includes petition for writ of certiorari to United States Supreme Court, or time for filing such review elapses). Pursuant to § 2244(d)(1), Davis had one year from that date within which to file a federal petition, barring other statutory bases for tolling. On April 1, 2002, six months after Davis's conviction was final, the statute was tolled when Davis filed his Rule 40 petition, and remained tolled

---

    What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. *Any conviction which has been expunged, or set aside, or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.*

(emphasis added).

9

through February 21, 2005, which represents thirty days after the ICA affirmed the denial of the Rule 40 petition and the time for seeking review from the Hawai'i Supreme Court had lapsed. See 28 U.S.C. § 2244(d)(2). Five months later, on July 19th, 2005, Davis filed his petition with this Court. According to this calculation, the Petition is timely.

B. The Petition is Procedurally Barred.

Davis did not raise the claims presented in this Petition on direct appeal, but he did raise them in his Rule 40 petition. Because the Hawai'i Supreme Court denied Davis's motion for extension of time to file writ of certiorari, Davis never raised his Rule 40 claims with that court. Respondents argue, therefore, that Davis's Petition is unexhausted because he never properly presented his claims to the Hawai'i Supreme Court and that the Petition should be dismissed on this basis as well.

Under 28 U.S.C. § 2254(b)(1), a petition for a writ of habeas corpus shall not be granted unless it appears that the applicant has exhausted all available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective. See also Lundy, 455 at 522; Gordon, 107 F.3d at 760. The petitioner must exhaust available state remedies as to every claim raised in the habeas petition. Gordon, 107 F.3d at 760 (citing Coleman v. Thompson, 501 U.S. 722 (1991)).

Davis argues that, because review in the Hawai'i Supreme Court is discretionary, and because his Rule 40 appeal was assigned to the ICA by Associate Justice Steven Levinson, the Hawai'i Supreme Court waived review of his claims, thus, excusing further exhaustion in that court.  (See Reply at 2.)  He is incorrect.

In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the Supreme Court concluded that a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement.  Id. at 839-40.  In O'Sullivan the Court addressed the Illinois procedure for appellate review, stating:

> Unlike the extraordinary procedures that we found unnecessary in Brown v. Allen and Wilwording v. Swenson, a petition for discretionary review in Illinois's Supreme Court is a normal, simple, and established part of the State's appellate review process. . . .  Granted [Petitioner] has no right to review in the Illinois Supreme Court, but he does have a 'right . . . to raise' his claims before that court. That is all § 2254(c) requires.

Id. at 845 (citations omitted in original).  Hawaii's appellate review procedure is similar to Illinois's.  The issue here is whether the procedure *was available* to Davis to present his claims to the Hawai'i Supreme Court.  While it is true that Davis had no right to have his claims reviewed by the Hawai'i Supreme Court, he did have the right to raise his claims to that court.  Applying the doctrine of O'Sullivan to this case, it is clear

that Davis had no right to a review in the Hawaii Supreme Court. He did, however, have a right, and was required, to raise his claims before that court. By failing to timely file a petition for certiorari to Hawai'i's highest state court, Davis did not do so and therefore procedurally defaulted on his claims.

If a petitioner procedurally defaults on a claim, exhaustion is satisfied because no other remedies exist. Coleman v. Thompson, 501 U.S. 722, 732 (1991). However, once the petitioner has procedurally defaulted on his claims, he is procedurally barred from proceeding unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750; Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir. 2002). If the petitioner cannot show cause for the default, the court need not consider whether actual prejudice exists. See Thomas v. Lewis, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991). To demonstrate cause, the petitioner must show that default was due to (1) ineffective assistance of counsel; (2) a showing that the factual or legal basis for a claim was not reasonably available to the petitioner; or (3) some interference by officials made compliance impossible. See Murray v. Carrier, 477 U.S. 478, 488 (1986); Edwards v. Carpenter, 529 U.S. 446 (2000); Reed v. Ross, 468 U.S. 1 (1984). The standard for

demonstrating cause is no less stringent for *pro se* petitioners. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 907-09 (9th Cir. 1986).

Davis's stated reason for failing to timely seek certiorari with the Hawai'i Supreme Court was his inability to acquire the needed materials due to the lack of case law available at his Oklahoma prison. Davis states that he requested additional materials from the State of Hawai'i Library Services Officer and arranged receipt of the materials with the administration of the Diamondback Correctional Facility. The materials were not scheduled to arrive until March 21, 2005, however, which was well past the February 27, 2005, filing deadline. Davis argues that this presents cause to excuse his procedural default.

This argument is unpersuasive. See Thomas, 945 at 1123. It is clear that adequate case law was available to Davis in the library of his facility and he does not claim that he was denied access to this library. Davis provided numerous examples of pertinent case law in support of his arguments in both his Rule 40 petition and on its appeal to the ICA. Obviously, Davis was aware of the factual and putative legal basis for his claims long before the filing deadline for his writ of certiorari. (See Resp't App. G at ii). If Davis believed his arguments were meritorious, he could have brought them, unchanged, to the

Hawai'i Supreme Court so that court could review the ICA's decision. There were no external factors preventing this from occurring. Davis has not demonstrated cause. Having made this determination, there is no need to evaluate whether there was actual prejudice.

Procedural default may also be excused for a fundamental miscarriage of justice. See Carrier, 477 U.S. at 495. A fundamental miscarriage of justice occurs if the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 496. "[H]abeas corpus petitions that advance a substantial claim of actual innocence are extremely rare." Schlup v. Delo, 513 U.S. 298, 321 (1995); see also Carrier, 477 U.S. at 496 (noting that exception applies only in "extraordinary" cases.) As discussed below, Davis's Petition does not present such an extraordinary case.

C.  The Petition is Without Merit.

A writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). Also, factual determinations made by the state court are presumed to be correct and can only be rebutted by "clear and convincing evidence." See 28 U.S.C. § 2254(e)(1).

Davis's claims rest solely on his misunderstanding that the certificate of final discharge impliedly expunged or invalidated his previous felony convictions. This is not the case. First, and most importantly, in Count III Davis was charged and convicted under Haw. Rev. Stat. § 134-7(b) which states:

> No person who is under indictment for, or has waived indictment for, or has been bound over to the circuit court for, *or has been convicted in this State or elsewhere of having committed a felony*, or any crime of violence, or an illegal sale of any drug shall own, possess, or control any firearm or ammunition therefor.

(emphasis added). Davis stipulated prior to trial, with counsel present, that he had, in fact, been convicted of prior felonies. (See Resp't App. F, Findings of Fact, Conclusions of Law, and Order Dismissing Petitioner's Petition for Post-Conviction Relief, at 2 ¶ 2.). The ICA found that through his stipulation Davis "'knowingly, intelligently, and voluntarily' waived attendant constitutional rights." (See Resp't App. I at 2-3.) For him to claim now, that the certificate of discharge from those earlier felonies somehow negated those convictions, or his stipulation to them, for the purposes of conviction under Haw. Rev. Stat. § 134-7(b), is ludicrous at best and duplicitous at worst.

Second, the "liability" from which the certificate of discharge released Davis refers to the fact that he would no

15

longer be detained under the conditions of his parole. The certificate explicitly stated which rights were returned to Davis: the right to vote and to hold public office. It neither makes reference, either implied or stated, to the fact that his felony conviction cannot be used against him later under Haw. Rev. Stat. § 134-7(b), nor to the fact that his right to own firearms and ammunition have been restored. Davis cannot assume that because some civil rights were restored, all of his civil rights have been restored under Hawai'i law. Such an assumption would effectively nullify Haw. Rev. Stat. § 137-7.

It is true, as Davis posits, that he could not have been convicted in *federal* court under 18 U.S.C. § 921, as a felon in possession of a firearm, because Davis's certificate of discharge did not expressly state that his right to possess a firearm had not been restored, as is required under that statute. See United States v. Gallaher, 275 F.3d 784, 792 (9th Cir. 2001) (a criminal defendant cannot be charged with a federal crime after receiving a certificate restoring his civil rights that contains no express warning that he cannot possess firearms in spite of the restoration of his civil rights or that his state conviction may constitute an element of a crime if he is found in possession of a weapon); United States v. Laskie, 258 F.3d 1047, 1048 (9th Cir. 2001); United States v. Herron, 45 F.3d 340 (9th Cir. 1995). It does not follow, however, that Davis could not be

convicted in a Hawai'i court.

There is no Hawai'i statute corresponding to the language in 18 U.S.C. § 921(a)(20). Under Hawai'i law Davis, a person who has been convicted of a felony, and who stipulated to that conviction, is clearly prohibited from possessing a firearm. Davis was certainly aware of this when he was charged under Haw. Rev. Stat. § 134-7(b), and then stipulated that he had been convicted of prior felonies. Moreover, the Ninth Circuit Court of Appeals has expressly recognized this inconsistency between state and federal law in Herron when it stated, "Herron might have violated Washington law by possessing a pistol, but even if he did, he did not violate the federal statute because his restoration document did not expressly prohibit him from carrying firearms. Any possible offense [here] is for the state prosecutors, not federal authorities." Herron, 45 F.3d at 343. Similarly, although Davis would not have been chargeable under federal law, he was chargeable under Hawai'i law.

Finally, the certificate of discharge clearly states that it is given under the assumption that, "[Davis] will remain at liberty without violating the law and the final release is not incompatible with the welfare and safety of society." (See Resp't App. E, Ex. A.) By committing two counts of robbery in the first degree, Davis violated the law, presumably rendering any rights restored by the certificate of discharge null and void.

Clearly, Davis has not shown that "a constitutional violation has probably resulted in the conviction of one who is actually innocent," thus, excusing his failure to exhaust and resultant procedural default. Carrier, 477 U.S. at 496. Moreover, assuming *arguendo* that Davis's Petition is not exhausted and is therefore, not procedurally barred in the state court, Davis has still failed to present even a colorable claim of a violation of a federal or constitutional right and the Petition should be denied on its meris. Cassett, 406 F.3d 621.

## CONCLUSION

This court FINDS and RECOMMENDS that the petition should be DENIED with prejudice. IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawai'i, January 9, 2006.



Kevin S.C. Chang
United States Magistrate Judge

Davis v. Frank, et al., Civ. No. 05-0046 HG-KSC; Findings and Recommendation to Deny Petition for Writ of Habeas Corpus; dmp/ habeas 06/ Davis 05-462